UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JESSICA WILSON,

        Plaintiff,                        Case No.  09-CV-12996-SFC-PJK
                                                  Hon.  Sean F. Cox
                                                  Mag. Paul J. Komives

vs.

MERCHANTS & MEDICAL CREDIT
CORPORATION, INC., JANE DOE, and MR. SHAW,
Individually and Jointly,

        Defendant.
_____/

**DEFENDANT'S ANSWER TO COMPLAINT**

        **NOW COMES,** the Defendant, Merchants and Medical Corporation, through their respective counsel, Gene R. Kohut, P.C. who in response to allegations made pursuant to 15 U.S.C. §1692 et seq., avers as follows:

        1.       Defendants admit the allegations in paragraph 1 of the Plaintiff's Complaint.

        2.       Defendants deny that the Defendants have violated any of the statutes enumerated in paragraph 2 of the Plaintiff's Complaint.

        3.       Defendants admit that this is proper venue for the Plaintiff's claims as alleged in paragraph 3 of the Plaintiff's Complaint, but deny all claims that the Defendants have violated any of the statutes enumerated in paragraph 2 of the Plaintiff's Complaint.

4. Defendants neither admit nor deny the allegations in paragraph 4 of the Plaintiff's Complaint for lack of sufficient information or belief.

5. Defendants state that Merchants & Medical Credit Corporation, Inc. is the proper name for the corporation named as Defendant and admit that it is a debt collector doing business at 6324 Taylor Drive, Flint, MI in Genesee County.

6. Defendants neither admit nor deny the allegations in paragraph 6 of the Plaintiff's Complaint for lack of sufficient information or belief.

7. Defendants admit that there is a "Mr. Shaw" who is employed by MMCC as a debt collector.

8. Defendants neither admit nor deny the allegations in paragraph 8 of the Plaintiff's Complaint for lack of sufficient information or belief.

9. Defendants deny the allegations in paragraph 9 of the Plaintiff's Complaint.

10. Defendants deny the allegations in paragraph 10 of the Plaintiff's Complaint.

11. Defendants deny the allegations in paragraph 11 of the Plaintiff's Complaint.

12. Defendants deny the allegations in paragraph 12 of the Plaintiff's Complaint.

13. Defendants admit that the Plaintiff contacted MMCC to discuss payment of her medical bills but neither admit or deny the reasons why she did so for lack of information or belief.

14. Defendants deny the allegations in paragraph 14 of the Plaintiff's Complaint.

15. Defendants deny the characterization of Mr. Shaw's comments to Plaintiff on all occasions, but neither admit nor deny the quoted comment for lack of information or belief.

16. Defendants admit Plaintiff gave Mr. Shaw the information noted in Paragraph 16 of the Plaintiff's Complaint except for information concerning her car which the Defendants neither admit no deny for lack of sufficient information or belief.

17. Defendants admit Mr. Shaw asked for alternate phone numbers for the Plaintiff but deny that the information was "demanded."

18. Defendants deny the allegations in paragraph 18 of the Plaintiff's Complaint.

19. Defendants deny the allegations in paragraph 19 of the Plaintiff's Complaint.

20. Defendants deny the allegations in paragraph 20 of the Plaintiff's Complaint.

21. Defendants admit only that Plaintiff didn't supply any other alternate numbers and Mr. Shaw and Plaintiff discussed payment options. Defendants neither admit nor deny all other allegations, insinuations or characterizations of the conversation referred to in paragraph 21 of the Plaintiff's Complaint.

22. Defendants deny the allegations in paragraph 22 of the Plaintiff's Complaint.

23. Defendants deny the allegations in paragraph 23 of the Plaintiff's Complaint.

24. Defendants deny the allegations in paragraph 24 of the Plaintiff's Complaint.

25. Defendants neither admit nor deny the allegations in paragraph 25 of the Plaintiff's Complaint for lack of sufficient information or belief.

26. Defendants deny the allegations in paragraph 26 of the Plaintiff's Complaint.

27. Defendants neither admit nor deny the allegations in paragraph 27 of the Plaintiff's Complaint for lack of sufficient information or belief.

28. Defendants deny the allegations in paragraph 28 of the Plaintiff's Complaint.

29. Defendants admit discussing Jessica's account with Linda Wilson but deny any other allegations in paragraph 29 of Plaintiff's Complaint.

30. Defendants neither admit nor deny the allegations in paragraph 30 of the Plaintiff's Complaint for lack of sufficient information or belief.

31. Defendants deny the allegations in paragraph 31 of the Plaintiff's Complaint.

32. Defendants deny the allegations in paragraph 32, including subparts, of the Plaintiff's Complaint.

33. Defendants deny the allegations in paragraph 33 of the Plaintiff's Complaint.

34. Defendants deny the allegations in paragraph 34 of the Plaintiff's Complaint.

35. Defendants deny the allegations in paragraph 35 of the Plaintiff's Complaint.

36. Defendants deny the allegations in paragraph 36 of the Plaintiff's Complaint.

37. Defendants deny the allegations in paragraph 37 of the Plaintiff's Complaint.

38. Defendants deny the allegations in paragraph 38 of the Plaintiff's Complaint.

39. Defendants admit the allegations in paragraph 39 of the Plaintiff's Complaint.

40. Defendants rely on their responses above in response to paragraph 40 of the Plaintiff's Complaint.

41. Defendants deny the allegations in paragraph 41 of the Plaintiff's Complaint.

42. Defendants deny all alleged violations of the FDCPA and therefore is not entitled to any damages claimed in paragraph 42 of the Plaintiff's Complaint.

43. Defendants rely on their responses above in response to paragraph 43 of the Plaintiff's Complaint.

44. Defendants deny the allegations in paragraph 44 of the Plaintiff's Complaint.

45. Defendants deny the allegations in paragraph 45 of the Plaintiff's Complaint.

46. Defendants deny the allegations in paragraph 46 of the Plaintiff's Complaint.

47. Defendants deny the allegations in paragraph 47 of the Plaintiff's Complaint.

48. Defendants deny the allegations in paragraph 48 of the Plaintiff's Complaint.

49. Defendants rely on their responses above in response to paragraph 49 of the Plaintiff's Complaint.

50. Defendants deny the allegations in paragraph 50 of the Plaintiff's Complaint.

51. Defendants deny the allegations in paragraph 51 of the Plaintiff's Complaint.

52. Defendants deny the allegations in paragraph 52 of the Plaintiff's Complaint.

53. Defendants rely on their responses above in response to paragraph 53 of the Plaintiff's Complaint.

54. Defendants admit that Merchants & Medical Credit Corporation, Inc. is a collection agency.

55. Defendants admit that the Plaintiff is a debtor but neither admits nor denies the remainder of the allegations in paragraph 55 of the Plaintiff's Complaint.

56. Defendants deny the allegations in paragraph 56 of the Plaintiff's Complaint.

57. Defendants deny the allegations in paragraph 57 of the Plaintiff's Complaint.

58. Defendants deny the allegations in paragraph 58 of the Plaintiff's Complaint.

59. Defendants rely on their responses above in response to paragraph 59 of the Plaintiff's Complaint.

60. Defendants deny the allegations in paragraph 60 of the Plaintiff's Complaint.

61. Defendants deny the allegations in paragraph 61 of the Plaintiff's Complaint.

62. Defendants deny the allegations in paragraph 62 of the Plaintiff's Complaint.

63. Defendants deny the allegations in paragraph 63 of the Plaintiff's Complaint.

**WHEREFORE,** Merchants and Medical Credit Corporation, prays that its Answer be deemed good and sufficient and that after due proceedings are had, the court dismiss this Complaint, at plaintiff's sole cost and attorney's fees and for all of these proceedings to which defendant may show itself justly entitled in law and equity. Defendant further prays for all other equitable relief to which it may be entitled.

## PLAINTIFF'S AFFIRMATIVE DEFENSES

PLEASE TAKE NOTICE that the defendants may rely upon one or more of the following Affirmative Defenses in defending against the allegations made by plaintiff in the complaint:

1. Plaintiff has failed to state a claim or set forth facts upon which relief can be granted.

2. To the extent Defendants' actions violated any law, said violations were not intentional but resulted from a bona fide error notwithstanding the maintenance of procedures reasonable adapted to avoid such error, and thus, Defendants are not liable to Plaintiff.

3. Plaintiff's claims are barred, in whole or in part, insofar as Plaintiff has failed to mitigate her damages, if any.

4. Defendants reserve the right to amend and/or supplement these Affirmative Defenses as the bases for same are revealed during discovery or otherwise.

## CORPORATE DISCLOSURE

To the best of my knowledge, information, and belief, there are no corporations which own, directly or indirectly, 10% or more of any class of the equity interest of the defendant.

Respectfully submitted,

/s Gene R. Kohut
GENE R. KOHUT (P47413)
Gene R. Kohut, P.C.
Attorney for Defendant
21 Kercheval Avenue, Suite 285

|  |  |
|---|---|
| Dated:  September 14, 2009 | Grosse Pointe Farms, MI 48236<br>(313) 886-9765<br>gene@gktrustee.com |

Case 2:09-cv-12996-SFC-PJK    Document 6    Filed 09/14/2009    Page 9 of 9