UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
COURT FILE NO.: 09–cv–12996–SFC–PJK

| | |
|---|---|
| JESSICA WILSON<br><br>Plaintiff,<br>v.<br><br>MERCHANTS AND MEDICAL CREDIT CORP, JANE DOE, and MR. SHAW, Individually and Jointly,<br><br>Defendants. | Hon. Sean F. Cox<br><br>PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES FROM DEFENDANT, COMPEL DEPOSITION AND TO DEEM REQUESTS FOR ADMISSIONS AS ADMITTED |

Plaintiff Jessica Wilson moves this Honorable Court for an Order pursuant to Fed.R.Civ.P. 37(a) to compel Defendants to provide answers to specific Interrogatories and Request for Production of Documents, the responses to which are long overdue. Plaintiff also moves to compel deposition as well as pursuant to FRCP 36, to enter an order affirming Defendants' admissions as set forth in Plaintiff's unanswered discovery requests dated October 13, 2009   In support of said motion, Plaintiff avers as follows:

1. On July 29, 2009, Plaintiff filed a Complaint alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq (FDCPA).

2. Defendant served its Answer on or about September 14, 2009.

3. This Court ordered that all discovery be completed by April 14, 2010.

4. On or about October 13, 2009 the Plaintiff prepared and served Plaintiff's Discovery and Requests for Admissions upon the Defendants in this case. (Exhibit 1 - Memorandum of Plaintiff's first discovery requests with certificate of service).

5. On October 13, 2009, Plaintiff served Notice of Taking Deposition Duces Tecum of Defendant's Designated Representative pursuant to Fed.R.Civ.P.30(B)(6) by

    Stenographer and/or Video Tape to take place on December 21, 2009. (Exhibit 2 - Copy of Plaintiff's 30(b)(6) notice Duces Tecum with certificate of service)

6. On or about October 30, 2009, defense counsel contacted Plaintiff's attorney via electronic mail verifying that Defendants' responses were due November 12, 2009. Attorney for the Defendants then requested additional time to respond stating: "Based upon the volume of information requested, vacation schedules of people I deal with at MMCC, and my schedule I'm not optimistic that these will be done by then. I'm hoping you can extend me until the end of November for the requests to admit and possibly the first week in December for the interrogatories and document request." (Exhibit 3 - email correspondence between counsel for the parties).

7. Plaintiff's attorney promptly replied to defense counsel's email and granted an extension in which to respond to Plaintiff's requests to admit until November 30, 2009 and not later than December 4, 2009 for the other discovery requests stating: "I will need responses by then to have adequate time to prepare for the depositions on December 21 and 22, 2009." (See Exhibit 3 - email correspondence between counsel for the parties).

8. Although given a 20-day extension to respond to Plaintiff's requests to admit and 24 days additional time to respond to Plaintiff's discovery requests, Defendants have failed to submit their responses to Plaintiff's Discovery and Requests for Admissions.

9. Also attached to this motion is subsequent correspondence between the parties counsel relating to the late discovery responses. (Exhibits 4-6).

10. Pursuant to the aforementioned notice, the 30(b)(6) witness was to bring documents with them to the deposition including, but not limited to:

  a. any and all documents summarizing, describing, instructing, detailing, or otherwise training any and all of Defendant's employees in any and all of the following areas:

     1. Defendant's collection policies;
     2. Defendant's collection procedures;
     3. Defendant's collection methods;
     4. Defendant's collection techniques;
     5. Defendant's collection tactics;
     6. Defendant's collection rules;
     7. Defendant's collection regulations; and
     8. Defendant's compliance with local, state, or federal laws, codes, or regulations.

  b. Any and all training, personnel, or other instruction manuals used by the collection personnel who are employed by or supervised by Defendant(s);

  c. Any and all collection software manuals and/or instruction guides for each and every computer system, software package, software system, or other electronic or non-electronic device used in any manner by Defendant(s) in the collection process; and

  d. Any and all personnel files, human resource department records, employment files, and other documents involving any Defendant(s), including but not limited to any disciplinary notices, reprimands, incident reports, and electronic recordings of collection communications that were the subject of private or other complaints by any person.

11. Although Defendant had ample time in which to gather the requested documents, Defendant's 30(b)(6) representative appeared at the deposition without the documents, without moving for a protective order or moving to quash, and thereby interfered with the effective cross examination of the 30(b)(6) witness held on December 21 & 22, 2009.

12. On December 21 & 22, 2009, the Defendant refused Plaintiff's verbal request to produce the training materials and the co-defendant's personnel file at the 30(b)(6) deposition.

13. The parties and counsel conducted a Rule 7.1 and 37.1 conference on those same dates but were unable to resolve this discovery dispute.

14. Plaintiff needs the documents requested in her 30(b)(6) Duces Tecum notice as well as written and productive responses to Plaintiff's Discovery Requests and Requests to Produce immediately in order to continue the 30(b)(6) deposition and properly and fairly litigate this case.

15. These requested materials and information are discoverable and also highly relevant to the claims and defenses in this case.

16. These requested materials and information are not unduly burdensome or expensive for Defendant to produce and will be impossible for Plaintiff to obtain otherwise.

17. Plaintiff intends to subpoena the Defendant's telephone records directly from its third party carriers but is unable to do so without the requested information.

18. The Defendants' failure to provide these materials is highly prejudicial.

19. The intervention and authority of this Court is necessary at this time to compel Defendants to respond to Plaintiff's Discovery and to produce the requested documents.

20. Plaintiff also requests the court to deem Plaintiff's Requests for Admissions as admitted pursuant to FRCP 36.

21. Pursuant to Local Rule 7.1, counsel for Plaintiff spoke with defense counsel seeking concurrence in the relief requested in this Motion and concurrence was denied.

WHEREFORE, Pursuant to Fed.R.Civ.P. 37(a) and 36, Plaintiff hereby respectfully moves the Court for an Order:

1. Compelling Defendants to provide responses to Plaintiff's Discovery Requests;
2. Ordering that Plaintiff's Requests for Admissions are now deemed admitted;
3. Compelling the Defendant to provide the following documents requested in its Notice of 30(b)(6) deposition notice Duces Tecum:

a) Any and all documents summarizing, describing, instructing, detailing, or otherwise training any and all of Defendant's employees in any and all of the following areas:

   1. Defendant's collection policies;
   2. Defendant's collection procedures;
   3. Defendant's collection methods;
   4. Defendant's collection techniques;
   5. Defendant's collection tactics;
   6. Defendant's collection rules;
   7. Defendant's collection regulations; and
   8. Defendant's compliance with local, state, or federal laws, codes, or regulations.

b) Any and all training, personnel, or other instruction manuals used by the collection personnel who are employed by or supervised by Defendant(s);

c) Any and all collection software manuals and/or instruction guides for each and every computer system, software package, software system, or other electronic or non-electronic device used in any manner by Defendant(s) in the collection process; and

d) Any and all personnel files, human resource department records, employment files, and other documents involving any Defendant(s), including but not limited to any disciplinary notices, reprimands, incident reports, and electronic recordings of collection communications that were the subject of private or other complaints by any person.

e) Identify the business name, address, and telephone number of all persons, companies, corporations, or other entities who provided local or long distance telephone services of any kind to Defendant's business, as well as identifying the telephone numbers and account numbers for each such local and long distance

- 6 -

    service provider, for a period of two (2) years before the date of this request to the present.

f)   Ordering that Defendant pay all fees and costs incurred by Plaintiff in bringing this motion.

                                               Respectfully submitted,

Dated: December 31, 2009                       */s/ Rex C. Anderson*
                                               Rex C. Anderson
                                               Attorney for Plaintiff
                                               9459 Lapeer Rd., Suite 101
                                             Davison, MI 48423
                                             (810) 653-3300
                                             (866) 813-4195
                                             rex@rexandersonpc.com

## CERTIFICATE OF SERVICE

     I hereby certify that on December 31, 2009, I filed the above Motion to Compel Discovery Responses from Defendant with the clerk of the Court using the Court's ECF filing system, which will send notice of said filing to the attorneys of record at:

gene@gktrustee.com

Dated: December 31, 2009                       */s/ Rex C. Anderson*
                                               Rex C. Anderson
                                             9459 Lapeer Rd., Suite 101
                                             Davison, MI 48423
                                             (810) 653-3300
                                             (866) 813-4195
                                             rex@rexandersonpc.com