UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JESSICA WILSON,

           Plaintiff,

CASE NO: 09-12996

v.

HONORABLE SEAN F. COX

MERCHANTS & MEDICAL CREDIT
CORPOTATION, INC., JANE DOE, and
MR SHAW, Individually and Jointly,

           Defendant.

_____/

## OPINION & ORDER GRANTING MERCHANTS & MEDICAL CREDIT CORPORATION'S MOTION FOR SUMMARY JUDGMENT IN PART AND DISMISSING SUPPLEMENTAL CLAIMS WITHOUT PREJUDICE

Plaintiff Jessica Wilson ("Wilson") filed this action against Defendants Merchants and

Medical Credit Corporation, Inc. ("Merchants"), Jane Doe, and Mr. Shaw (collectively

"Defendants"), alleging the following counts: Count I, violation of the Fair Debt Collection

Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.; Count II, invasion of privacy by intrusion

upon seclusion; Count III, violations of the Telephone Consumer Protection Act ("TCPA"), 47

U.S.C. § 227 *et seq*.; Count IV, violations of the Michigan Occupational Code ("MOC"), MCL

339.901 *et seq*; and Count V, violations of the Michigan Debt Collections Practices Act

("MDCPA"), MCL 445.251 *et seq*.

The parties have fully briefed the issues, and the Court declines to hear oral argument

pursuant to Eastern District of Michigan Local Rule 7.1(f)(2).  For the following reasons, the

Court shall GRANT Merchants' motion for summary judgment in part, DISMISS the remainder

of Wilson's claims against Merchants without prejudice, and DENY Merchant's motion for sanctions.

BACKGROUND

On July 27, 2009, Wilson filed her complaint against Merchants, Jane Doe ("Karen"), and Mr. Shaw ("Billingsley") (Doc. No. 1).[1]

On May 14, 2010, following discovery, Merchants filed a motion for summary judgment on all counts (Doc. No. 23).

Pursuant to this Court's practice guidelines, Merchants filed document titled "Statement Of Material Facts Not In Dispute" ("Merchants' stmt. of facts") (Doc. No. 25). In response, Wilson filed a document titled "Statement of Material Facts Not in Dispute" ("Pl.'s counter-stmt.") (Doc. No. 39).

The following facts can be gleaned from the parties' submissions.

Wilson asserts that she resides in Flint, Michigan, and that Merchants is a Michigan Corporation located at 6324 Taylor Dr., Flint, Michigan. (Pl.'s Cmpl. at ¶ 4 & 5).

According to Wilson, in February, 2008, she incurred a debt for medical expenses. (Pl.'s Resp. at 1).

Wilson claims that sometime between May and June, 2008, she received a call from a man who worked at Merchants who was attempting to collect the debt. (Wilson Dep. 78:18-20). She alleges that from that call until August, 2008, Merchants called her 8 to 10 times per day. (Pl.'s Resp. at 1 & 2). It is undisputed that Wilson never told Merchants not to call her.

---

[1]After discovery, "Mr. Shaw" has been identified as Mr. Michael Billingsley. (Merchants' Br. at 4). Defendant Jane Doe, however, has only been identified as "Karen." (Pl.'s Resp. at 1). Wilson has failed to file a motion to amend her Complaint.

(Merchants' stmt. of facts at ¶ 11, Pl.'s counter-stmt. at ¶ 11).

Wilson claims that, in August 2008, she spoke to Karen from Merchants. (Pl.'s Resp. at 1). In her deposition, Wilson testified: "I remember Karen, at first she was very nice, you know, explaining that I owed the debt, and when I told her that I was unable to pay the debt or unable to make arrangements, she pushed and said I would have to, otherwise they would further the investigation." (Wilson Dep. at 71:2-6).

Wilson testified that after her initial conversation with Karen in August, 2008, she spoke to Karen one additional time. Other than that, she did not speak with anybody from Merchants until she called them in April, 2009. (Wilson Dep. at 75:18-24).

Wilson claims that in April of 2009, after she obtained a better paying job, she contacted Merchants to make payment arrangements. (Pl.'s Resp. at 2). The first person she spoke with said that he did not have authority to "make any deals," so he turned the call over to his supervisor, Billingsley. (Pl.'s Resp. at 2).

According to Wilson, Billingsley demanded that she pay $200.00 by the end of the day or he would "turn the case over" and "further the investigation." (Pl.'s Resp. at 2).

In Wilson's deposition, she claims that Mr. Billingsley asked her for a second phone number. When Wilson told Billingsley that she did not have a second number, he allegedly puffed up his chest and replied, "I find that highly hard to believe, you've got to have another cell phone, and if you're going to lie to me this is going to be very difficult." (Wilson Dep. 90:9-11).

Wilson also testified:

> Throughout the entire phone conversation he kept saying we're going to turn the case over, we're going to further the investigation, and it

3

> seemed like each and every time he said it he would just be more
> outraged, and by the end of the conversation he said further the
> investigation and turn the case over so many times I was bawling my
> eyes out thinking I was going to have my baby in prison over a $200
> debt collection.

(Wilson Dep. 91:8-16).

Wilson acknowledged that Billingsley never told her that she would go to jail, rather, she assumed that from his use of the phrase, "further the investigation." (Wilson Dep. 92:5-18).

Wilson further asserts that during the conversation she provided Billingsley with her personal information, and at the end of the conversation, Billingsley said: "Thanks to you, Ms. Wilson, we know where you work, we know where you live, we know what kind of car you drive, and we will be in further - further contact with you. Is there anything else we can do for you today?" (Wilson Dep. 93:5-9; 100:25-101:5).

Wilson claims that after speaking with Billingsley, she called her mother, who in turn called Merchants and spoke with Billingsley.

STANDARD OF REVIEW

Summary judgment is proper where "there is no genuine issue as to any material fact" and where the moving party is "entitled to judgment as a matter of law." FED.R.CIV.P. 56(c)(2). The party seeking summary judgment has the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmoving party who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

250 (1986) (quoting FED. R. CIV. P. 56(e)).  In deciding a motion for summary judgment, a court

must view the evidence and draw all reasonable inferences in favor of the nonmoving party.  *See*

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

ANALYSIS

Claims Under 1692d

15 U.S.C. § 1692d is titled "Harassment or Abuse" and provides:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (1) The use or threat of use of violence or other criminal means to harm the physical person, reputation, or property of any person.
>
> (2) The use of obscene or profane language or language the natural consequence of which is to abuse the hearer or reader.
>
> (3) The publication of a list of consumers who allegedly refuse to pay debts, except to a consumer reporting agency or to persons meeting the requirements of section 1681a (f) or 1681b (3) of this title.
>
> (4) The advertisement for sale of any debt to coerce payment of the debt.
>
> (5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.
>
> (6) Except as provided in section 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity.

15 U.S.C. § 1692d.

Wilson's complaint alleges that Merchants violated 15 U.S.C. § 1692d (5) specifically,

and 1692d in general.

In reviewing Wilson's claim under 1692d (5), the Court must determine whether Wilson

has presented evidence that Merchants  caused a telephone to ring or engaged any person "in

telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." 15 U.S.C. § 1692d (5).

Under the section heading "Illegal Collection Activities Begin in August, 2008," Wilson's complaint states, "Jessica received harassing calls in August 2008, from Defendant Karen, who identified herself as an employee of [Merchants]." (Pl.'s Cmpl. at ¶ 10).

Wilson testified at her deposition that in May or June of 2008 she spoke with a debt collector from Merchants. (Wilson Dep. 78:18-20). She testified that she could not remember the man's name, but recalled that it was a brief conversation, and that she told him that she was unable to pay. (Wilson Dep. 78:18-20; 79:11-14). She did not tell Merchants to stop calling her. (Merchants' stmt. of facts at ¶ 11, Pl.'s counter-stmt. at ¶ 11).

Wilson testified that from that conversation until August, 2008, Merchants called her phone 8 to 10 times per day. (Wilson Dep. 79:2-4). Wilson was sure that the calls were made by Merchants, but acknowledged that she did not review her phone records. (Wilson Dep. 81:22-24).

Wilson testified, that other than her initial conversation, she did not speak to anybody from Merchants until August 2008, when she spoke with Karen. (Wilson Dep. 79:23-24). After speaking with Karen, the calls started slowing down. (Wilson Dep. 77:20-22).

Wilson's verified complaint states that she received harassing phone calls from Karen in August, 2008. Yet, her deposition testimony states that the calls slowed down in August. She has not presented any evidence that Merchants repeatedly called her after her conversation with Karen in August. Further, Wilson has not moved to amend her complaint to include the alleged calls prior to her conversation with Karen.

Wilson has not presented evidence to support her claim that Merchants violated § 1692d (5) after the August 2008 conversation. Accordingly, the Court shall GRANT Merchants' motion for summary judgment as to this claim.

Wilson also claims that Merchants violated § 1692d in general, which prohibits debt collectors from engaging in any conduct "the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Regarding general claims under 1692d, the Sixth Circuit has held, "Although nonexhaustive, the examples of oppressive conduct listed in § 1692d concern tactics intended to embarrass, upset, or frighten a debtor. They are likely to cause the suffering and anguish which occur when a debt collector attempts to collect money which the debtor, through no fault of his own, does not have." *Harvey v. Great Seneca Financial Corp.*, 453 F.3d 324, 330 (6th Cir. 2006) (citing *Montgomery v. Huntington Bank*, 346 F.3d 693, 700 (6th Cir. 2003).

In *Harvey*, the Sixth Circuit stated that the courts should "structure the confines of § 1692d." *Id.* 300 (quoting *Jeter v. Credit Bureau*, 760 F.2d 1168, 1179 (11th Cir. 1985)).

In reviewing claims under § 1692d, the Sixth Circuit has applied an objective test based on the perspective of the "unsophisticated consumer." *See Harvey*, 453 F.3d at 330.

Wilson testified that during her August 2008 conversation with Karen, Karen told her that if Wilson did not pay the debt, she would "further the investigation." (Wilson Dep. at 71:2-6). She also testified that during her conversation with Billingsley, he aggressively told her that if she did not pay, he would "turn the case over" and "further the investigation." (Wilson Dep. at 91:8-19). Wilson testified that at the end of that conversation, after Wilson had provided her personal information, Billingsley said: "Thanks to you, Ms. Wilson, we know where you work,

we know where you live, we know what kind of car you drive, and we will be in further - further contact with you. Is there anything else we can do for you today?" (Wilson Dep. 100:25-101:5).

These statements, when viewed from the perspective of an unsophisticated consumer do not rise to the level of harassment, oppression, or abuse. Particularly, this Court notes that Billingsley's statement was made during a conversation initiated by Ms. Wilson and in which she gave Billingsley her personal information. Wilson fails to cite any case or otherwise support her claim that Karen or Billingsley's statements violate § 1692d.

In *Lovelace v. Stephens & Michaels Associates, Inc.*, 2007 W: 3333019 (E.D. Mich. Nov. 9, 2007), the court denied defendant's motion for summary judgment where there was evidence that the defendant had told the debtor that if he failed to pay his debt, the debtor would be prosecuted and go to jail, and where there was evidence that defendant repeatedly called the debtor after the debtor hung up the phone.

This case is distinguishable. Wilson admits that Billingsley never said that she was going to be arrested or put in jail. Billingsley merely said that he would "turn the case over" or "further the investigation." Also, Wilson has not presented any evidence that Karen repeatedly called her after the August 2008 conversation. Rather, Wilson testified that she spoke with Karen only once after August (Wilson Dep. 76:15 - 77:10), and she admits that she never told Merchants to stop calling. Finally, Wilson, herself, initiated the conservation with Billingsley in April 2009, and Wilson has not presented any evidence that Billingsley spoke with her again after the April 2009 conversation.

Wilson has failed to produce evidence that Merchants engaged in conduct "the natural consequence of which is to harass, oppress, or abuse" her. 15 U.S.C. § 1692d. Accordingly, the

Court shall GRANT Merchants' motion for summary judgment as to this claim.

Claims Under § 1692e

Wilson also alleges that Merchants violated §§ 1692e, 1692e (1), 1692e (4), 1692e (5), 1692e (7), 1692e (10).  (Pl.'s Cmpl. ¶ 32).  Section 1692e provides in relevant part:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (1) The false representation or implication that the debt collector is vouched for, bonded by, or affiliated with the United States or any State, including the use of any badge, uniform, or facsimile thereof.
>
> . . .
>
> (4) The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.
>
> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.
>
> . . .
>
> (7) The false representation or implication that the consumer committed any crime or other conduct in order to disgrace the consumer.
>
> . . .
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. 1692e.

"To determine whether a debt collector's practice is deceptive within the meaning of the Act, courts apply an objective test based on the understanding of the 'least sophisticated

9

consumer.' " *Harvey*, 453 F.3d at 331 (citing *Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 400 (6th Cir. 1998)). "The least-sophisticated-consumer test is objective and is designed to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd." *Kistner v. Law Offices of Michael P. Margelefsky*, LLC, 518 F.3d 433, 438 (6th Cir. 2008). "Although this standard protects naive consumers, *it also prevents liability for bizarre or idiosyncratic interpretations . . . by preserving a quotient of reasonableness and presuming a basic level of understanding. . . .*" *Id.* (emphasis added).

In *Gradosjer v. Check Enforcement Unit, Inc.*, 210 F.Supp. 2d. 907 (W.D. Mich. 2002), the court found that a debt-collection company violated 1692e by sending notices on the letterhead of the county sheriff, without putting the company's name on the notice. The collection company was attempting to collect money from people who had written checks without sufficient funds. The court noted that the company sent the notices before the sheriff's department had brought criminal charges, and that "in any given case there [was] only a slight possibility of criminal prosecution." *Id.* at * 917.

Similarly, in *Dunway v. JBC & Associates, Inc.*, 2005 WL 1529574 (E.D. Mich. June 20, 2005), the court found that a debt-collection company violated 1692e when it called a debtor's employer and told him that the debtor had written a bad check and that a "case had been filed and a prosecution either was going to be or was in fact pending against [the debtor, and] that this 'was a criminal matter.' " *Id.* at * 4.

Wilson claims that Merchants used deceptive practices during her conversations with Karen and Billingsley. Specifically, Wilson asserts that the use of the phases "turn the case over" and "further the investigation," were deceiving in that they led her to believe that she

would be arrested and taken to jail.  As noted above, Wilson acknowledges that Billingsley did not say that she would be arrested or sent to jail.  Rather, she maintains that Defendants "used lingo associated with . . . law enforcement . . . on many TV and cable programs."  (PL.'s Resp. at 9).  Further, Wilson does not claim that Billingsley said that the case would be turned over to the authorities.  Rather, Wilson testified that Billingsley simply said that he would "turn the case over."

Wilson also testified that at the end of the conversation, Billingsley said, "Thanks to you, Ms. Wilson, we know where you work, we know where you live, we know what kind of car you drive, and *we* will be in further - further contact with you.  Is there anything else we can do for you today?"  (Wilson Dep. 100:25-101:5) (emphasis added).  This alleged statement  does not suggest that Merchants would refer the case to law enforcement.  Rather, it indicates that Merchants would be in further contact with Wilson.

This case is distinguishable from those in which courts have found violations of § 1692e. Billingsley's alleged statements are far less egregious and do not support Wilson's interpretation that she would "have her baby in prison."  (Wilson Dep. 91:15).   Even when the statements are viewed from the perspective of the least sophisticated consumer, they are not false, deceptive, or misleading.  The statements do not falsely imply that Merchants is affiliated with the United States or any State.  They do not imply that defendant will be arrested or imprisoned.  They do not threaten action which cannot be legally taken, and they do not imply that Wilson committed a crime.  *See* 15 U.S.C. § 1692e (1), (4), (5), (7), (10).  Accordingly, the Court shall GRANT Merchant's motion for summary judgment as to Wilson's 1692e claims.

Claims Under § 1692f

In her complaint, Wilson also claims that Merchants violated § 1692f.  (Pl.'s Cmpl. at ¶ 32(i)).  Section 1692f prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."  15 U.S.C. 1692f.  It provides:

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

**(1)** The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

**(2)** The acceptance by a debt collector from any person of a check or other payment instrument postdated by more than five days unless such person is notified in writing of the debt collector's intent to deposit such check or instrument not more than ten nor less than three business days prior to such deposit.

**(3)** The solicitation by a debt collector of any postdated check or other postdated payment instrument for the purpose of threatening or instituting criminal prosecution.

**(4)** Depositing or threatening to deposit any postdated check or other postdated payment instrument prior to the date on such check or instrument.

**(5)** Causing charges to be made to any person for communications by concealment of the true purpose of the communication. Such charges include, but are not limited to, collect telephone calls and telegram fees.

**(6)** Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if--

**(A)** there is no present right to possession of the property claimed as collateral through an enforceable security interest;

**(B)** there is no present intention to take possession of the property; or

**(C)** the property is exempt by law from such dispossession or disablement.

**(7)** Communicating with a consumer regarding a debt by post card.

**(8)** Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use

> his business name if such name does not indicate that he is in the debt collection business.

15 U.S.C. 1692f.

Merchant's motion for summary judgment addresses this claim and states, "Ms. Wilson cannot produce any evidence that Mr. Billingsley's collection efforts were unfair or unconscionable as a matter of law." Wilson's response brief does not point to any evidence to show that Merchants violated § 1692f. Wilson fails to cite any case that would show that Merchants violated § 1692f. Additionally, the Court has independently reviewed the evidence that Wilson has presented and cannot find evidence that Merchants used unfair or unconscionable means to collect Wilson's debt. Accordingly, the Court shall GRANT Merchants' motion for summary judgment on this claim.

Claims Under TCPA and State Law

Wilson's remaining claims are based either on the TCPA or Michigan law. The Sixth Circuit has not determined whether the TCPA provides federal-question jurisdiction under 28 U.S.C. § 1331, however, this Court has found that it does not. *See e.g., Compressor Engineering Corp. v. Manufacturers Financial Corp.*, 2010 WL 3170074 (E.D. Mich. August 11, 2010): *Machesney v. Lar-Bev of Howell*, 2010 W.L. 821932 (E.D. Mich. March 4, 2010); *APB Associates, Inc. v. Bronco's Saloon, Inc.*, 2010 WL 822195 (E.D. Mich. March 4, 2010).

Additionally, Wilson is unable to assert jurisdiction under 28 U.S.C. § 1332. There is no diversity of citizenship because Wilson is domiciled in Michigan and Merchants is a Michigan corporation.

Without Wilson's claims under the FDCPA, this Court declines to exercise supplemental subject-matter jurisdiction over Wilson's remaining claims. 28 U.S.C. § 1367(c)(3).

Accordingly, the Court shall DISMISS Wilson's remaining claims against Merchants without prejudice.

Merchants' Request for Sanctions

Merchants asserts that Wilson brought this case in bad faith and for the purpose of harassment without any basis for the Complaint's allegations. (Merchants' Br. at 15). 15 U.S.C. § 1692k (a)(3) provides, "[O]n a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs." *Id.*

Further, 29 U.S.C. § 1927 provides, "Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." *Id.*

The Sixth Circuit has found that sanctions are appropriate under § 1927 when "an attorney knows or reasonable should know that a claim pursued is frivolous, or [when] his or her litigation tactics will needlessly obstruct the litigation of non-frivolous claims." *Jones v. Cont'l Corp.*, 789 F.2d 1225, 1232 (6th Cir. 1986). Bad faith is not required. *See Garner v. Cuyahoga County Juvenile Court*, 554 F.3d 624, 645 (6th Cir. 2009).

Merchant argues that Wilson's verified complaint differs significantly from her deposition testimony. For example, in paragraphs 22-27, of her Complaint, Wilson alleged that Billingsley threatened to come to her home and work and have her arrested and jailed if she refused to pay $ 200 by the end of the day. Wilson's deposition testimony, however, does not support this.

Wilson's complaint also includes several unsupported state-law claims. In Wilson's

response to Merchant's summary judgment motion, Wilson does not present any evidence to support these claims. While some of Wilson's claims may have unreasonably multiplied the proceedings, the claims were not so vexatious as to warrant sanctions under § 1927. Further, the Court does not find that the claims were made in bad faith and for the purpose of harassment. *See* § 1692k (a)(3). Accordingly, the shall Court DENY Merchant's motions for sanctions.

CONCLUSION & ORDER

For the reasons stated above, the Court GRANTS Merchant's motion for summary judgment in part, DISMISSES the remainder of Wilson's claims against Merchants without prejudice, and DENIES Merchant's motion for sanctions.


S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: September 2, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 2, 2010, by electronic and/or ordinary mail.

S/Jennifer Hernandez
Case Manager